

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Norris
County Auditor, Polk County
Livingston, Texas

Dear Mr. Norris:     Opinion No. O-3170

Re: Authority of Commissioners'
Court to pay attorney fees
either pursuant to its own
order or acting under the
authority of a Special Act of
the Legislature, out of its
public school land contingent
upon recovery of same by the
attorney and whether attorney's
fees for the recovery of such
school land can be paid from
the Available School Fund of
Polk County and whether the
necessary expenses incident to
a suit for the recovery of such
land can be paid out of the
Available School Fund.

We have your recent letter requesting an opinion of this Department which we quote in full:

"Polk County is the owner of some two thousand acres of public school land in Baylor County which was settled on and has been in the possession of various parties, in some instances as long as forty years. The record title to this land has never been conveyed out of Polk County.

"The Commissioners Court is desirous of making a contract with an attorney to bring

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

suit for the recovery of this land for the
benefit of the Public School Fund of Polk
County, and we respectfully request that you
give this office an opinion on the following
questions:

"1. Would the Commissioners' Court have
authority to convey to an attorney an interest
in this land contingent upon its ultimate re-
covery?

"2. If the Commissioners' Court does not
have this power, then would a special act of
the Legislature authorizing the Commissioners'
Court of Polk County to hire an attorney to
recover this land and to pay him by conveying an
interest in the land contingent upon its recov-
ery, be valid?

"3(a) Can the Commissioners' Court of
Polk County make a contract with an attorney
to recover this land based upon a stipulated
fee to be paid out of the proceeds from the
sale of the land; (b) or if this cannot be
done, can such fee be paid out of the available
school funds of Polk County?

"4. Can the Commissioners' Court pay out
of the available school funds of said county
the necessary expenses incident to a suit for
recovery of this land?"

Your questions 1, 2 and 3a have been before this
department several times in the past, as well as before the
courts. This department first held in a well considered
opinion, Opinion No. 2009, dated March 26, 1919, that Arti-
cle 7, Section 6 of the Constitution of Texas, which refers
particularly to County school lands of the character inquired
about by you, prohibits the payment of such fees, either by
a contingent interest in the land or out of the proceeds of
the recovery of the land. A copy of Opinion No. 2009 is
enclosed.

Article 7, Section 6 of the Constitution reads as follows:

> "All land heretofore or hereafter granted to the several counties of this state for educational purposes are of right the property of said counties respectively to which they were granted and title thereto is vested in said county . . . Each county may sell or dispose of its lands in whole or in part, in the manner to be provided by the Commissioners' Court of the county . . . Said lands, and the proceeds thereof, when sold, shall be held by said counties <u>alone as a trust for the benefit of public schools therein</u>, said proceeds to be invested in bonds of the United States,. . ." (Underscoring ours).

This section has been construed by the Courts to prohibit the payment of such fees. Pulliam v. Runnels Co. (Sup. Ct.), 15 S. W. 277; Dallas Co. v. Club Land & Cattle Co. (Sup. Ct.) 66 S. W. 294.

A special act of the Legislature permitting the payment of such fees, either by a contingent interest in the county school land recovered or out of the proceeds of the recovery would likewise be in conflict with the above quoted section of the Constitution. Such a statute would be unconstitutional and void.

Therefore, you are respectfully advised that your questions 1, 2 and 3a should be answered in the negative and they are so answered.

Coming to your questions 3b and 4, they have been passed upon by this department in Opinion No. O-985, dated August 15, 1939. That opinion holds that Section 2 of Article 2827, Revised Civil Statutes, and Article 7150a, Vernon's Annotated Civil Statutes, provide the purposes for which the County Available School Fund may be spent, that they are all inclusive and exclusive, and that the County's Available School Fund cannot be paid out for any purpose for which there is no legislative authorization. A copy of Opinion No. O-985 is also enclosed.

Hon. Fred Norris - Page 4.

Following this opinion, you are respectfully advised that your questions 3b and 4 should be answered in the negative, and they are so answered.

Trusting that this satisfactorily answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James Noel
James Noel
Assistant

JN:BT

APPROVEDAPR 4, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN